ARCHIBALD G. MCCULLOUGH *vs.* RHODE ISLAND HOSPITAL TRUST CO.

NOVEMBER 29, 1933.

PRESENT: Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a bill in equity to enjoin the fore-closure of a mortgage. The case is here on respondent's appeal from an order, entered by a justice of the Superior Court, continuing the cause for a period of more than two months for hearing on the prayer for preliminary injunction and continuing the restraining order theretofore entered.

The cause is properly here on appeal. On July 24, 1933, at the time the bill was filed, an order was entered on *ex parte* hearing enjoining and restraining the respond-ent, until the hearing upon temporary injunction, and assigning the cause to July 29, 1933, for such hearing. The restraining order "enjoined" the respondent and hence was an injunction. The order appealed from continued such injunction. On said July 24th all parties were before the court and, although no evidence other than the sworn bill

was submitted, a hearing was held. Section 34, Chap. 339, G. L. 1923, provides that: "Whenever upon a hearing in equity in the superior court an injunction shall be granted or continued . . . by an interlocutory order or decree, an appeal may be taken."

It is urged that the trial justice abused his discretion in continuing the cause for sixty-five days and also in entering an order continuing the restraining order.

To entitle the complainant to the entry of a decree for a preliminary injunction it was necessary for the complainant to set forth a *prima facie* case. *Fritz* v. *Presbrey*, 44 R. I. 207; *Blackstone Hall Co.* v. *Rhode Island Hospital Tr. Co.*, 39 R. I. 69. An examination of the bill of complaint fails to disclose such *prima facie* case. It was therefore an abuse of discretion to enter an order which superseded the restraining order and continued an injunction contained in said order. See *Rhodes Bros. Co.* v. *Musicians Union*, 37 R. I. 281 and cases cited above.

There appears to be a serious doubt whether this court has jurisdiction to dismiss the bill. Said section 34 provides that: "The appeal shall transfer to the supreme court only the question whether the decree appealed from shall be affirmed, reversed or altered." In any event on an appeal of this nature we would be loath to dismiss a bill where no evidence had been taken and orderly procedure had not been followed.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*James H. Kiernan, G. William Grande,* for complainant.
*Raphael L. Daignault,* for respondent.